**Sharon RITZER, Plaintiff,**

v.

**GEROVICAP PHARMACEUTICAL CORPORATION, a Nevada corporation; and Terry Fleischer, an individual, Defendants.**

No. CV–S–94–00877–PMP (LRL).

United States District Court,
D. Nevada.

Aug. 1, 1995.

---

Daniel Marks, Keith M. Lyons, Jr., Las Vegas, NV, for plaintiff.

Jerome A. DePalma, Las Vegas, NV, for defendants.

## ORDER

PRO, District Judge.

### I. Background

Plaintiff Sharon Ritzer ("Ritzer") filed her Complaint (# 1) on October 18, 1994, alleging sex and age discrimination and other violations of Title VII. Defendants Gerovicap Pharmaceutical Corporation ("Gerovicap") and Terry Fleischer ("Fleischer") filed their Answer to Complaint (# 14) on March 17, 1995.

On April 14, 1995, Fleischer, the one hundred percent owner of Gerovicap, testified in the Equal Pay Act case, *Sharon Ritzer v. Gerovicap Pharmaceutical Corporation*, CV–S–93–386–PMP (LRL). Fleischer stated that he transferred all Gerovicap assets to Countrywide Incorporated ("Countrywide") without consideration around February 24, 1995. Three months later, on May 9, 1995, Plaintiff filed a document styled "Amended Complaint" (# 15), without leave of Court, adding Countrywide as a third Defendant.

Presently before the Court is the Motion to Strike Amended Complaint and Demand for Jury Trial (# 19), filed May 22, 1995 by

Defendants Gerovicap and Fleischer. By that Motion, Defendants seek to strike the Amended Complaint and Demand for Jury Trial (# 15) filed by the Plaintiff on May 9, 1995. Plaintiff filed her Opposition to Defendants' Motion to Strike Amended Complaint and Demand for Jury Trial (# 21) on July 5, 1995. Defendants filed their Reply (# 22) on July 20, 1995.

## II. Discussion

A motion to strike is not the proper procedural vehicle to seek dismissal of a complaint. *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992); *see Yamamoto v. Omiya,* 564 F.2d 1319, 1327 (9th Cir.1977) (dissenting opinion). However, the Court will treat Defendant's Motion as a motion to dismiss the Amended Complaint.

Defendants assert that the Plaintiff improperly filed her Amended Complaint, since Defendants had already filed an Answer (# 14). Defendants cite Rule 15(a), which provides as follows:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). Under this rule, Plaintiff could amend her Complaint only by leave of court or by written consent. Fed.R.Civ.P. 15(a). This did not occur in this case. The Court therefore finds that Plaintiff improperly filed the document styled "Amended Complaint" (# 15). The Amended Complaint (# 15) therefore has no legal effect. Fed. R.Civ.P. 15(a); *Hoover v. Blue Cross & Blue Shield,* 855 F.2d 1538, 1544 (11th Cir.1988) (plaintiff improperly filed amended complaint so amended complaint had no legal effect).

However, the Court may consider an untimely amended or supplemental pleading served without judicial permission as properly introduced when the Court would have granted leave to amend had it been sought. *See Straub v. Desa Indus., Inc.,* 88 F.R.D. 6, 9 (D.Pa.1980); *see also* 6 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure, § 1484 (1990 and Supp.1995). Indeed, Plaintiff, through her Opposition (# 21), requests the Court grant her leave to file her Amended Complaint. The Court finds that it may consider this pleading served without judicial permission as properly introduced if the Court would have granted leave to amend the pleading had it been sought. *See Straub,* 88 F.R.D. at 9.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court and the Court of Appeals for the Ninth Circuit interpret this command of Rule 15(a) very liberally, in order to permit meritorious actions to go forward, despite inadequacies in the pleadings. *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Schlacter–Jones v. General Tel. of California,* 936 F.2d 435, 443 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979–80 (9th Cir.1981). A significant body of jurisprudence has developed in an attempt to define exactly when justice requires a court to grant leave to amend. *See Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 537–39 (9th Cir.1989); *Howey v. United States,* 481 F.2d 1187, 1190–92 (9th Cir.1973); *Komie v. Buehler Corp.,* 449 F.2d 644, 647–48 (9th Cir.1971).

Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith or dilatory motive on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment. *Roth v. Marquez,* 942 F.2d 617, 628 (9th Cir.1991) (citing *DCD Programs v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)).

The party opposing the motion for leave to amend a complaint bears the burden

of showing prejudice. *DCD Programs,* 833 F.2d at 186 (citing *Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977)).

■ Furthermore, leave to amend need not be granted if the proposed amended complaint would be subject to dismissal. *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398, 1402–03 (9th Cir.1990); *see also Johnson v. American Airlines,* 834 F.2d 721, 724 (9th Cir.1987) (stating that "courts have discretion to deny leave to amend a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment.")

The issue of futility in this case turns on whether Plaintiff's proposed amended complaint states a claim for which relief could be granted as to Countrywide. Plaintiff's Amended Complaint parallels exactly her original Complaint (# 1) with the exception of two paragraphs. In these paragraphs, Plaintiff alleges that Fleischer transferred, without consideration, all assets of Gerovicap to Countrywide on February 24, 1995. It is this allegation that forms the basis for the Plaintiff's allegations that Countrywide is the alter ego of Fleischer and/or Gerovicap.

■ The Ninth Circuit, in determining whether a corporation is an alter ego or should be treated as a single employer for Title VII purposes, applies the four-part test promulgated by the National Labor Relations Board. *Morgan v. Safeway Stores, Inc.,* 884 F.2d 1211, 1213 (9th Cir.1989) (citing *Childs v. Local 18, Int'l Brotherhood of Electrical Workers,* 719 F.2d 1379, 1382 (9th Cir.1983)). Two entities are treated as one if they have (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. *Id.*

■ In this case, Plaintiff seeks to allege an alter ego theory based on the allegation that Fleischer, four months after the lawsuit was filed and twenty-four months after Gerovicap dismissed Ritzer from her job, transferred Gerovicap's assets to Countrywide. There are no allegations that Countrywide and Gerovicap had interrelated operations, common management, centralized control, and common ownership at the time the cause of action arose. Moreover, the Court will not assume the truth of Plaintiff's legal conclusions merely because they are cast in the form of factual allegations in Plaintiff's Complaint. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). Accordingly, the Court finds that the Amended Complaint would be subject to dismissal on the Title VII claims as to Countrywide and the Court will therefore not grant leave to amend.

The remaining claim in Plaintiff's Complaint is a claim under the Age Discrimination in Employment Act. Under that Act, two entities are treated as a single employer under an alter ego theory if they have (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. *Marshall v. Arlene Knitwear, Inc.,* 454 F.Supp. 715, 719 (E.D.N.Y.1978), *aff'd in part without op. and rev'd in part without op.,* 608 F.2d 1369 (2d. Cir.1979); *cf. Rogers v. Sugar Tree Prods.,* 7 F.3d 577 (7th Cir. 1993), *reh'g, en banc, denied* (7th Cir.1994) (judicially created single employer or integrated enterprise theory applies to definition of employer subject to ADEA). For the reasons stated above, Plaintiff has failed to allege that these factors existed at the time the cause of action arose. Accordingly, the Court finds that the Amended Complaint would be subject to dismissal on the ADEA claims as to Countrywide and the Court will therefore not grant leave to amend.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Strike Amended Complaint and Demand for Jury Trial (# 19) shall be treated as a Motion to Dismiss Plaintiff's Amended Complaint, and the same is hereby GRANTED, and Plaintiff's Amended Complaint (# 15) is DISMISSED;

IT IS FURTHER ORDERED THAT Plaintiff is hereby DENIED leave to further amend her Complaint;

IT IS FURTHER ORDERED THAT Defendant's request for attorneys' fees is DENIED.