On December 14, 1999, Image Marketing, Inc. (hereinafter "IM"), sued Florence Television, L.L.C., and Valley Television, L.L.C., as well as other named and fictitiously named parties in the Lauderdale Circuit Court. The controversy stems from a television show IM produced, entitled "Cooper Company" (hereinafter "the show"), which, based on several contractual agreements, Florence and Valley agreed to air on a television station they operated in Lauderdale County.
In its original complaint, IM sought an injunction, a declaratory judgment, and remedies established by § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for service-mark/trade-dress infringement. On June 6, 2000, IM amended the complaint to add additional defendants, including Gary Kneller, co-owner and general manager of the station. IM also amended the complaint to assert claims of breach of contract, intentional interference with business relations, fraud, negligence, wantonness, conspiracy, and negligent or wanton supervision.
On February 1, 2001, Florence, Valley, and the other defendants separately moved for a summary judgment as to all the claims. IM filed a response on March 23, 2001, and contemporaneously filed a second amended complaint, adding a claim for specific performance. The trial court entered a partial summary judgment for Florence, Valley, and the other defendants on July 18, 2001, dismissing IM's claims of intentional interference with business relations, fraud, negligence, wantonness, conspiracy, and negligent or wanton supervision. The trial court did not rule on the breach-of-contract and specific-performance claims. On August 15, 2001, the trial court issued an order supplementing the July 18, 2001, summary-judgment order, which dismissed all of the individual defendants, including Kneller, from the case. The trial court did not dismiss Florence and Valley, leaving them as the only defendants in the case. On the motion of IM, the case was set for trial on November 1, 2001, but in advance of that date, the trial court reset trial for January 25, 2002, and then reset it again for June 10, 2002.
On April 9, 2002, Florence and Valley filed a second motion for a summary judgment addressing IM's remaining claims of *Page 824 
breach of contract and specific performance. As the litigation proceeded, the parties continued their business relationship, although it was strained. Kneller, as general manager of the station, implemented a policy requiring IM to provide a transcript of the show, detailing what would take place on the show, 24 hours before the airing of each show. Considering this requirement to be a breach of contract, IM filed a third amended complaint on October 21, 2002, without seeking leave of court. That complaint states:
 "1. [IM] would amend and [re-]add Gary Kneller as an individual party defendant. . . .
 "2. [IM] adopts and realleges each and every paragraph in the original Complaint and subsequent amendments thereto and further avers as follows:
 "3. On or about September 25, 2002, Defendant, Gary D. Kneller, acting on behalf of [Florence and Valley] breached and constructively terminated the contract made the basis of this lawsuit by refusing to allow Cooper Company to air their program pursuant to the contract under the guise or pretext of requiring a `transcript' which was not contemplated by the contract, required by FCC law, nor was the requirement a matter of standard practice in the industry.
 "4. Defendant Kneller engaged in a design and scheme to take the Cooper and Company morning program off the air by making it virtually impossible to produce, direct, and broadcast the program.
 "5. As a proximate result of this breach, [IM] has been severely damaged and injured, has lost substantial sums of money and has suffered mental anguish."
The addendum clause sought judgment against "the defendants."
On October 23, 2002, the trial court granted Florence and Valley's pending motion for a summary judgment, thus disposing of IM's remaining claims. In its order, the trial court stated, in pertinent part:
 "Previous orders of this Court have dismissed all but the specific performance and breach of contract claims.
 "[Florence and Valley have] renewed [their] motion for summary judgment on different legal authorities with respect to the remaining counts. [Florence and Valley] argue that the subject contract is unenforceable because it is ambiguous, uncertain, and incomplete.
". . . .
 "Accordingly, the remaining counts in this action as to the remaining defendants are due to be dismissed because there can be no dispute to the fact that this contract is unenforceable due to ambiguity and uncertainty. Judgment is hereby entered on behalf of the remaining defendants as to all remaining counts."
On October 29, 2002, Florence and Valley filed a motion to strike IM's third amended complaint on the basis that it was untimely because the case "was first set for trial on November 1, 2001," and IM "did not and has not sought leave of court to amend the complaint." On October 31, the trial court granted that motion. On December 6, 2002, IM filed its notice of appeal. On March 17, 2003, Florence and Valley filed with this Court a motion to dismiss the appeal, as well as a supporting brief, alleging that the trial court's October 23, 2002, ruling was the final judgment from which the time for appeal began to run. On March 24, 2003, IM filed an opposition to the motion to dismiss and a supporting brief. The parties have also briefed the merits of the case. However, we must determine first whether this appeal is due to be dismissed as untimely. *Page 825 
As noted, on October 23, 2002, the trial court entered a summary judgment as to the only claims remaining after its July 18, 2001, order entering a partial summary judgment — breach of contract and specific performance. The October 23, 2002, summary-judgment order stated: "[T]here can be no dispute to the fact that this contract is unenforceable due to ambiguity and uncertainty." IM contends that the summary judgment entered on October 23, 2002, was not "final" for purposes of starting the running of the time for taking an appeal; it makes the following arguments in its memorandum in support of the opposition to Florence and Valley's motion to dismiss the appeal: (1) On October 23, 2002, the court had yet to rule on IM's third amended complaint asserting a breach-of-contract claim and adding as a defendant Gary Kneller, who had previously been dismissed, thus giving the court "something more to do"; (2) the October 23, 2002, summary-judgment order dismissing the breach-of-contract and specific-performance claims could not have addressed this "new" claim because the motion for a summary judgment was filed before the actions giving rise to IM's "new" claim occurred; and (3) the court failed to certify the summary judgment entered on October 23, 2002, as final. Each argument is without merit; we address each in turn.
According to Rule 15(a), Ala.R.Civ.P., "a party may amend a pleading without leave of court, . . . at any time more than forty-two (42) days before the first setting of the case for trial. . . . Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause." (Emphasis added.) This case was first set for trial on November 1, 2001. Therefore, at any point less than 42 days before that date, IM was required under Rule 15(a) to seek permission of the court to amend its complaint attempting to reinstate Kneller as a defendant and to add a new claim alleging breach of contract. Its third amended complaint was filed on October 21, 2002.
Additionally, Rule 15(d), Ala.R.Civ.P., addresses supplemental pleadings, stating, "Upon motion of a party the court may,upon reasonable notice and upon such terms as are just,permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." (Emphasis added.) IM's attempt to amend the complaint was, in fact, an attempt to supplement the original pleadings with a "new" claim based on Kneller's intervening actions. However, there is no indication from the record that IM moved to supplement the pleadings, or that it provided the trial court with any notice of its intent to so supplement. Accordingly, the legal effect of IM's third amended complaint, filed without leave of the trial court and without filing a motion to supplement the pleadings, is a critical consideration.
Our research has not revealed any Alabama cases directly on point. However, "[w]e have said that since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama Rules. Assured InvestorsLife Ins. Co. v. National Union Associates, Inc., 362 So.2d 228
(Ala. 1978)." City of Birmingham v. City of Fairfield,396 So.2d 692, 696 (Ala. 1981).
In Hoover v. Blue Cross Blue Shield of Alabama,855 F.2d 1538 (11th Cir. 1988), the United States Court of Appeals for the Eleventh Circuit addressed the legal effect of an attempt to amend a complaint without obtaining leave of court when the *Page 826 
amendment could not be made as of right. There, the court stated:
 "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval."
855 F.2d at 1544. See also Murray v. Archambo, 132 F.3d 609,612 (10th Cir. 1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."); Colbert v. City ofPhiladelphia, 931 F.Supp. 389 (E.D.Pa. 1996); Ritzer v.Gerovicap Pharm. Corp., 162 F.R.D. 642 (D.Nev. 1995). This case was first set for trial on November 1, 2001. For any amendment filed less than 42 days in advance of that date attempting to reinstate Kneller as a defendant and to assert a new breach-of-contract claim, IM needed to seek permission of the court. The court in Hoover noted, however, as an aside, that "an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amendwould have been granted had it been sought." 855 F.2d at 1544. While the court in Hoover included that comment to address the underlying liberal policy of Rule 15(a), Fed.R.Civ.P., a rule substantially the same as Rule 15(a), Ala.R.Civ.P., the comment does not support IM's argument in this case.
By taking note of the basis of IM's third amended complaint in the October 23, 2002, summary-judgment order, the trial court arguably addressed in that order the issue raised in the third amended complaint and ruled against IM as to it. IM contends that because the court had not ruled on Florence and Valley's motion to strike when it entered the summary judgment, there was "`something more for the court to do.'" Wesley v. Brandon,419 So.2d 257, 258 (Ala.Civ.App. 1982) (quoting Sexton v. Sexton,280 Ala. 479, 195 So.2d 531, 533 (1967)). However, by including the facts giving rise to IM's third amended complaint within its expressed rationale for entering a summary judgment in favor of Florence and Valley, and, effectively, Kneller, the trial court dispensed of that issue in such a way as to indicate that it would not have granted IM leave to amend the complaint if it had sought such leave. Thus, the summary judgment is a final judgment.
An alternative analysis exists that is equally detrimental to IM's complaint. Subparagraphs (a) and (d) of Rules 15 require an affirmative act by a party to amend a pleading. Under Rule 15(a), the party must seek leave of court to amend a complaint once the date for trial has been set. Under Rule 15(d), the party must make a motion and provide the court with reasonable notice in order to supplement a pleading. If in fact the trial court did not effectively rule on the merits of IM's third amended complaint in taking note of the basis for the amendment in its summary-judgment order, the third amended complaint was not otherwise properly before the court.
Thus, we conclude IM's third amended complaint was without legal effect and was therefore ineffectual to present an additional claim to the trial court when it entered the October 23, 2002, summary judgment. It follows then that the October 23, 2002, summary judgment adjudicated every claim before the trial court and that IM's time for filing an appeal began to run when that judgment was entered.
Although failure to seek leave to file the amended complaint rendered the amendment a nullity, we briefly address IM's last argument — that the trial court failed to *Page 827 
certify the summary judgment as final — only to say that under Rule 54(b), Ala.R.Civ.P., certification is required only to make an otherwise nonfinal judgment final. When there has been a complete adjudication of the controversy, such as in this case, no Rule 54(b) certification is necessary.
The applicable time constraints when filing an appeal are stated in Rule 4(a)(1), Ala.R.App.P.:
 "Except as otherwise provided herein, in all cases in which an appeal is permitted by law as a matter of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . ."
No exception to the 42-day limit applies in this case. "The timely filing of a notice of appeal is a jurisdictional act."Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985); see alsoPotter v. State Dep't of Human Res., 511 So.2d 190
(Ala.Civ.App. 1986). An untimely appeal must be dismissed. Rule 2(a)(1), Ala.R.App.P. "There is no distinction between being one day late and being `too late.'" Nettles v. Nettles,283 Ala. 457, 459, 218 So.2d 269, 270 (1969). See also Blackburn v. HuberMfg. Co., 135 Ala. 598, 33 So. 160 (1902) (appeal denied for being one day too late); Holmes v. Powell, 363 So.2d 760 (Ala. 1978) (motion to dismiss appeal granted because appeal was filed 43 days after entry of final judgment).
Because the trial court's October 23, 2002, summary-judgment order completely adjudicated all issues remaining after the entry of its earlier partial summary judgment and was therefore final, the time for appeal began to run from that date. In order to comply with the rules governing the time for filing an appeal, IM needed to file its notice of appeal by December 4, 2002. IM filed its notice of appeal on December 6, 2002 — two days after the deadline. Therefore, the appeal was untimely filed and is not within the purview of this Court's jurisdiction. This appeal is due to be dismissed.
APPEAL DISMISSED.
SEE, BROWN, WOODALL, and STUART, JJ., concur.