THOMAS, Judge.
Maria Graham appeals from the order of the Talladega Circuit Court (“the trial court”) dismissing her amended complaint, which she had filed in her action seeking review of the termination of her employment by the City of Talladega (“the city”). Act No. 2004-436, Ala. Acts 2004 (“the local act”), established the civil-service board (“CSB”) for the city. The local act provides the following regarding disciplinary actions against employees of the city:
“Section 10. Disciplinary action. (1) Any member of the classified service shall be removed from-office-or disciplined in any manner only upon notice and hearing, for incompetency, malfeasance, misfeasance, or nonfeasance in office and for conduct detrimental to good order or discipline, including habitual neglect of duty. Any member of the classified service aggrieved by a final decision concerning disciplinary action shall be entitled to a hearing before the [CSB] in accordance with city rules and regulations for the hearings. The rules and regulations shall provide for preliminary procedures for the appropriate appointing authority to hear and decide all cases of disciplinary action involving the subordinate employee of the appointing authority, subsequent to which an aggrieved employee would be entitled to a hearing before the [CSB]. The [CSB] is required to conduct and complete a hearing on an appeal within 30 days of the [CSB’s] receiving notice of the appeal. In the event of a failure to do so, the aggrieved party has the right to appeal to circuit court.
“After a hearing, the [CSB] shall reduce its findings of fact to writing and shall issue a written order upholding or denying the disciplinary action, or ordering less severe disciplinary action. The order shall be binding on the parties.
“(2) Either the city or the member of the classified service subject to the disciplinary action may appeal the order of the [CSB] to the Talladega County Circuit Court within 30 days from the date of the order. Review by the court shall be -without a jury and shall be confined to the record and to a determination of questions of law presented. The order by the circuit court shall be final and conclusive.
“Pending the hearing and order, and pending any appeal to the circuit court, no disciplinary action shall be carried out; provided, however, that pending the hearing and order and an appeal and subject to rules adopted pursuant to this act, the city manager may temporarily suspend any member of the classified service who is removed or suspended for cause, if the city manager deems it in the best interest of the city. Any employee so suspended temporarily pending final disposition of his or her cause shall not lose any pay or seniority relative to any portion of the suspension not upheld on final disposition of the cause.”
The employee-appeal procedure followed by the city further provides:
“The [CSB] shall call a meeting and consider the validity of the appeal pursuant to procedure; and if it is determined by the [CSB] that the appeal has been properly filed, the [CSB] shall hear the employee’s appeal within fourteen (14) calendar days after receipt Of the appeal. The [CSB] shall issue a written decision within seven (7) calendar days of the conclusion of the hearing. The [CSB] is required to conduct'and com- *1194 píete a hearing on an appeal within thirty (30) calendar days of the [CSB’s] receiving notice of the appeal. In the event of failure to do so, the aggrieved party has the right to appeal to circuit court.”
Graham was employed by the city. On February 27, 2015, Brian Muenger, the city manager, terminated Graham’s employment with the city on various grounds, including mishandling city funds, filing a false application, and using city property for personal gain. Graham sought review of the decision to terminate her employment under the local act, first from interim city manager Teri St. James and then from the CSB, which received notice of Graham’s appeal on March 30, 2015.
The CSB held a two-day hearing on Graham’s employment-termination challenge on April 20 and April 27, 2015; only four members of the five-member CSB participated. On May 4, 2015, the CSB entered a written order indicating that it was deadlocked, with two members voting to uphold the termination of Graham’s employment and two members voting to reinstate her. On June 3, 2015, Graham timely appealed the decision of the CSB to the trial court.[1] In her original complaint in the trial court, Graham requested that the decision to terminate her employment be overturned and that she be paid backpay from the date of the termination of her employment, which she contended was required by § 10(2) of the local act.
In July 2015, the trial court set Graham’s appeal for a trial to be held on September 8, 2015. However, the trial court entered an order on September 8, 2015, indicating that the trial court had held a status hearing on that date. In that same order, the trial court ordered Graham to make financial arrangements to pay for the transcription of the testimony before the CSB on or before November 16, 2015, or her appeal would be dismissed. Graham made no such arrangements, and the transcription was not made.
On January 4, 2016, Graham filed an amended complaint. In the amended complaint, Graham added a separate count seeking the wages she contended that she should have been paid pending resolution of the appeal of the termination of her employment; she cited the same provision of the local act mentioned in her original complaint. Graham’s amended complaint was not accompanied by a motion seeking leave to amend her complaint. See Rule 15(a), Ala. R. Civ. P. (stating that “a party may amend a pleading [after the 42d day before the first trial setting] only by leave of court, and leave shall be given only upon a showing of good cause” (emphasis added)).
On January 11, 2016, the trial court entered an order dismissing Graham’s original complaint because she had not provided the court with a record of the proceedings before the CSB. In that order, the trial court mentioned that Graham had filed an amended complaint and ordered the city to file a response to that proposed amendment within 30 days. The city responded to Graham’s amended complaint by filing a motion to disallow the amendment. After a hearing, the trial court en *1195 tered an order on May 16, 2016, dismissing Graham’s amended complaint because, it said, the complaint merely reiterated one of the claims in the original complaint;
Graham appeals from the trial court’s dismissal of her amended complaint. She concedes that the dismissal of her original complaint was proper. However, she contends that the trial court erred by dismissing her amended complaint.
“Although neither party has questioned this court’s appellate jurisdiction, a lack of appellate jurisdiction resulting from a party’s failure to timely file a notice of appeal ‘cannot be waived’; indeed, ‘this court can raise the issue ex mero motu.’ Carter v. Hilliard, 838 So.2d 1062, 1063 (Ala. Civ. App. 2002), and Moragne v. Moragne, 888 So.2d 1280, 1283 (Ala. Civ. App. 2004); see also Rule 2(a)(1), Ala. R. App. P. (stating that an appeal shall be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court).”
Smith v. Smith, 4 So.3d 1178, 1180-81 (Ala. Civ. App. 2008).
As noted above, Graham did not seek leave to file her amended complaint. Rule 15(a) provides, in pertinent part:
“Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause. ...”
The trial court had set Graham’s appeal for a trial to be held on September 8, 2015, which, although that trial did not occur, was “the first setting of the case for trial.” Rule 15(a). Thus, Graham was not entitled to amend her complaint “without leave of court.” Rule 15(a). Instead, after July 28, 2015 (42 days before the September 8, 2015, trial setting), she was required to seek leave of court to amend her complaint.
In Image Marketing, Inc. v. Florence Television, L.L.C., 884 So.2d 822, 826 (Ala.2003), our supreme court considered a case in a similar procedural posture. The plaintiff, Image Marketing, Inc. (“IM”), had filed a third amended complaint on October 21, 2002, less than 42 days before the first setting of its action for trial. Image Mktg., 884 So.2d at 823-24. On October 23, 2002, the trial court entered a summary judgment resolving the claims IM had raised in its original, first amended, and second amended complaints. Id. at 824. The defendants moved to strike IM’s third amended complaint because IM. had failed to seek leave of court to file it, and the trial court granted that motion on October 31, 2002. Id. IM appealed the summary judgment on December 6, 2002. Id.
Our supreme court determined that IM’s appeal was untimely. Id. at 827. That determination hinged on the effect of the third amended complaint. IM argued that the claims asserted in the third amended complaint remained pending in the trial court for resolution after the entry of the October 23, 2002, summary judgment, thus rendering that order nonfinal. Id. at 825. However, our supreme court held that IM’s failure to seek leave of court before filing the third amended complaint resulted in the third amended complaint being a nullity. Id. at 826-27. Our supreme court further explained that, if the record reflects that the trial court would have likely granted such leave, had it been requested, the failure to file a motion seeking such leave may be overlooked, rendering the amended pleading operative. Id. at 826. However, the supreme court reasoned, if *1196 the record indicates that leave would not have been granted, the amendment remains -a nullity. Id.
Because the record in Image Marketing indicated that the trial court would not have granted leave to amend, our supreme court concluded that the third amended complaint was a nullity. Id. Therefore, our supreme court reasoned, no claims re: mained pending in the trial court once the October 23, 2002, summary judgment was entered and, thus, the summary judgment was a final judgment at'the timé of its entry. W.. Because IM’s notice of appeal was filed 44 days after the entry of the October 23, 2002, summary judgment, IM’s appeal was untimely, and its appeal was dismissed. Id. at 827 (citing, among other things, -Rule 4(a)(1), Ala. R. App. P., which provides that, generally, an" appeal from a circuit-court judgment must be filed within 42' days of the entry of that judgment).
The procedural history in this case is similar to that in Image Marketing. Graham filed an amended complaint in January 2016 without seeking leave of court, which was required under Rule 15(a) because the date of the first setting of Graham’s appeal for trial had passed. Thus, under the rationale expressed in Image Marketing, we must first determine whether the trial court- in the present case would have granted Graham leave ]to amend her complaint, had such leave been requested.
We note that the trial court acknowledged Graham’s amended complaint in its order dismissing the original complaint and directed.the city to respond to that amendment. We do not find the mere acknowledgment of the amended complaint dispositive of the issue whether leave would have been granted to Graham,.if it had been requested. Indeed, the trial court ultimately granted the motion seeking to have the amendment disallowed, indicating that the amendment reiterated a request for relief present in the original complaint. Thus, we conclude that the trial. court would not have granted leave to Graham to amend her complaint in light of its explanation for disallowing it.
Therefore, Graham’s amended complaint was a nullity at the time it was filed. Under the rationale expressed in Image Marketing, the January 11, 2016, judgment dismissing Graham’s original complaint resolved all pending issues before the trial court on that date, and that judgment was a final judgment upoh its entry. Graham had 42 days from the entry of the January 11, 2016, judgment to appeal. Her appeal was filed in June 2016, well beyond the 42-day period for filing an áppeal. See Rule 4(a)(1). “An untimely appeal must be dismissed,” Image Mktg., 884 So.2d at 827 (citing Rule 2(a)(1), Ala. R. App. P.). Accordingly, we dismiss Graham’s appeal.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

. Because the local act provides that the CSB's failure to complete the hearing on the appeal within 30 days of receiving the appeal gives rise to a right of appeal to the circuit court, and because the procedures governing the appeal to the CSB indicate that a written decision on the appeal must be issued within 7 days of the conclusion of the hearing before the CSB, we conclude, as the parties appear to have, that the time for the CSB to issue a written decision resolving Graham's appeal had expired on May 6, 2015 (March 30, 2015 + 30 days + 7 days), thus giving rise to the right to an appeal to the trial court despite the CSB’s lack of an actual decision on Graham’s appeal.