Lynda B. Garris and James Gary Garris were divorced by a judgment entered on February 11, 1992. That judgment recognized the wife's interest in certain IRA investments accumulated by the husband during the marriage, and ordered, inter alia, that the remaining liquid assets be divided equally after the payment of certain debts. The judgment did not specifically address the tax and penalty consequences of an early withdrawal of such funds. Upon withdrawing the funds, a ten percent penalty and tax liability in excess of fourteen thousand dollars was incurred.
In January 1993, the husband filed a petition for modification, seeking relief from the payment of periodic alimony and relief from the requirement to furnish medical insurance for the wife. He thereafter amended his petition, seeking also an order requiring the wife to be responsible for one-half of the tax consequences incurred as a result of the court-ordered early withdrawals.
Following ore tenus proceedings, the trial court reduced the husband's alimony obligation and ordered the wife to pay the husband $7,180 as reimbursement for the tax liability incurred as a result of the early withdrawals from the retirement accounts. Thereafter, the wife filed a timely post-judgment motion, seeking to vacate that part of the order with regard to the tax liability reimbursement; she contended that the order was an impermissible modification of an existing judgment. The court thereafter entered an order that stated as follows:
 "By its decree of February 11, 1992, this court intended that the proceeds of the sale of the IRA accounts be divided between the parties after the payment of the listed debts as well as the payment of all expenses incurred as a result of the liquidation of said IRA accounts. By its order [of] April 27, 1993, this court intended to clarify the original divorce decree by directing that any taxes incurred as a result of the liquidation of the IRA accounts be paid by the parties jointly. The original divorce decree remains fully effective. Even so, the same is hereby clarified to indicate that the parties hereto are jointly responsible for the tax liability incurred as a result of the liquidation of the IRA accounts."
The court thereafter again awarded a judgment in favor of the husband and against the wife in the amount of one-half the tax liability. The wife appeals, contending that *Page 995 
the trial court was without jurisdiction to amend or modify the judgment, because the petition to modify was filed 14 months after the entry of the original judgment, and she contends that the amended judgment was not a mere clarification of the original judgment.
Where, as here, evidence is presented ore tenus, the judgment of the trial court based on that evidence is presumed to be correct and will not be set aside unless it is plainly and palpably wrong. Moore v. Graham, 590 So.2d 293
(Ala.Civ.App. 1991). The wife correctly asserts that a divorce judgment cannot be modified or amended to change alimony in gross or a property award after the lapse of 30 days from rendition, absent a proper post-judgment motion. Rule 59, A.R.Civ.P.;Battle v. Battle, 476 So.2d 109 (Ala.Civ.App. 1985). While the husband's petition was for modification of an alimony award, his amended petition sought to impose upon the wife one-half the liability imposed for dividing the assets. The relief sought within the pleading governs, and the nomenclature of the pleading is not controlling. Rebel Oil Co. v. Pike,473 So.2d 529 (Ala.Civ.App. 1985).
Thus, although the motion is entitled as one for modification, the actual relief sought is for the trial court to clarify and enforce its original judgment, which "equally divided" the remaining funds. For appeal purposes, the divorce judgment was a final judgment; however, it also continued to be interlocutory in nature in the event it became essential to augment, refine, clarify, or enforce provisions regarding the final disposition of property and the division of the proceeds.Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App. 1981).
In the case sub judice, the original divorce judgment ordered the husband to liquidate the IRA assets, pay certain debts, and equally divide the remaining proceeds between the parties. Inherent in an equal division of the proceeds is the equal division of costs to obtain the "remaining liquid assets." When the trial court subsequently entered a judgment against the wife for one-half of the taxes and penalties incurred, it "did no more than enforce the original judgment, as it was empowered to do." Filer v. Filer, 502 So.2d 698, 701 (Ala. 1987). Although the trial court lacked jurisdiction to modify the original judgment, it had the authority to clarify and enforce its original judgment to the extent of ensuring that the funds remaining be "equally divided" between the parties as intended by the original divorce judgment.
Based upon the foregoing, we hold that the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.