THOMPSON, Presiding Judge.
In 2005, Kathryn Nelson filed an action in the Clarke Circuit Court (“the trial court”) against Timothy Edward Stephens and Rebecca Lynn Stephens Kimbrough seeking a sale for division of certain real property owned by Nelson, Stephens, and Kimbrough. Nelson later amended her 2005 complaint and added Larry Whatley as a defendant.
On September 22, 2008, the trial court entered a judgment that incorporated an agreement reached by the parties. That judgment divided the property but specified that the exact location of the various parcels would be determined by a survey to be conducted later. In addition, the judgment provided that “each party to this proceeding shall be granted a non-exclusive easement for ingress and egress along the existing roadways which transverse the subject property.” Paragraph 8 of the September 22, 2008, judgment further stated:
“8. That [Nelson] shall have the option of closing the existing roadway which enters the subject property from the Northwest side of the property, provided a roadway of equal or greater width and quality is first constructed across the property of [Nelson], which roadway connects with the roadway which is presently being used to access the property to be received by [Stephens], [Kimbrough], and Larry What-ley.”
On June 26, 2009, Nelson filed a “motion for contempt,” seeking to have Kimbrough held in contempt for failing to comply with some provisions of the September 22, 2008, judgment pertaining to the payment for the survey required under that judgment. Kimbrough later moved to dismiss that motion on the ground that she had paid for her portion of the survey cost, and, on July 16, 2009, the trial court entered an order dismissing Nelson’s motion for contempt.
Also on July 16, 2009, Nelson filed a “motion to compel,” seeking an order requiring Kimbrough to execute the deeds based on the survey ordered in the September 22, 2008, judgment. On August 3, 2010, the trial court entered an order requiring Kimbrough to execute those deeds.
On June 22, 2011, Stephens filed a “motion to compel and for temporary relief and for specific acts,” alleging that Nelson had closed the existing roadway (hereinafter “the old road”) used by Stephens to access his property and had constructed a new road (“the new road”) across her property to allow access to Stephens’s property. Stephens alleged that the new road did not comply with the requirements of paragraph 8 of the September 22, 2008, judgment. On October 14, 2011, Kim-brough filed a motion similar in substance to that filed by Stephens on June 22, 2011.
The record indicates that the trial court conducted a hearing during which the parties agreed not to submit the testimony of witnesses. Rather, the parties’ attorneys argued the matter before the trial court, and the trial court traveled to the property at issue to view both the old road and the *1075 new road. The record on appeal does not contain a transcript of that hearing.
On May 24, 2012, the trial court entered a judgment in favor of Nelson. That order provided, in pertinent part:
“Upon consideration of the motions, [Nelson’s] response, arguments of counsel, and the Court having gone to the property and viewed the roads in question, the Court makes the following findings of fact:
“1. That the new road constructed by [Nelson] across her property is of greater width and quality than the ‘plantation road’ or old road that she closed.
“2. That the new road constructed by [Nelson] fully complies with paragraph 8 of the [judgment] entered on September 22, 2008.
“3. That [Nelson] has closed the old road or ‘plantation road’ across her property by constructing the new road across her property, which is of greater width and quality than the old road or ‘plantation road.’ ”
Based on those findings, the trial court denied the relief sought by Stephens and Kimbrough.
Stephens and Kimbrough each filed a postjudgment motion. In support of his motion, Stephens submitted his own affidavit and an affidavit by Debra J. Stephens.[1] Kimbrough submitted in support of her postjudgment motion certain deeds and an affidavit of a surveyor.
Nelson responded to the postjudgment motions by pointing out that the parties had agreed during the hearing on the merits that testimony was unnecessary. Nelson also asserted arguments disputing certain “facts” as alleged by Stephens and Nelson. Nelson also moved to strike the evidence submitted by Stephens and Nelson in support of their postjudgment motions.
The trial court denied the postjudgment motions on August 10, 2012, stating:
“Whereas a hearing was held on July 27, 2012, on said [postjudgment] motions. At said hearing each attorney presented arguments, and some photographs and other exhibits were presented.
“Upon consideration of the motions, [Nelson’s] response, arguments of counsel, exhibits and the Court having gone to the property and viewed the roads in question....
“It is ORDERED, ADJUDGED, and DECREED as follows:
“1. The motions filed by [Stephens and Kimbrough] to alter, amend or vacate are hereby denied.”
(Emphasis added.) The trial court did not rule on Nelson’s motion to strike.
Stephens and Kimbrough each. timely appealed. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Initially, we note that the dissent has questioned the subject-matter jurisdiction of the trial court to consider this matter because of an administrative failure on the part of the trial-court clerk to collect a filing fee and because of a lack of personal service on Nelson. The 2011 “motions to compel” filed by Stephens and Kimbrough sought a determination as to whether Nelson had properly complied with paragraph 8 of the September 22, 2008, judgment by constructing the new road before exercising her option under the September 22, 2008, judgment to close *1076 the old road.[2] A trial court retains jurisdiction to interpret and enforce its owns judgments.
“A trial court has inherent authority to interpret, clarify, and enforce its own final judgments. See Helms v. Helms’ Kennels, Inc., 646 So.2d 1343, 1347 (Ala.1994) (‘a trial court does have residual jurisdiction or authority to take certain actions necessary to enforce or interpret a final judgment’); Gild v. Holmes, 680 So.2d 326, 329 (Ala.Civ.App.1996) (‘A trial court possesses an inherent power over its own judgments that authorizes it to interpret, clarify, implement, or enforce those judgments.’). Thus, even after this Court, on the direct appeal, affirm[s] the trial court’s ... judgment, [the trial] court retain[s] jurisdiction to interpret and clarify that judgment.”
State Pers. Bd. v. Akers, 797 So.2d 422, 424 (Ala.2000).
In Garris v. Garris, 643 So.2d 993 (Ala.Civ.App.1994), and Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App.1981), this court explained that a final judgment that supports an appeal may also be interlocutory in the sense that the trial court retains jurisdiction to implement, enforce, or clarify its judgment. In Garris v. Ganis, 643 So.2d at 995, this court explained the trial court’s retention of jurisdiction to enforce or clarify its judgment:
“[Although the motion is entitled as one for modification, the actual relief sought is for the trial court to clarify and enforce its original judgment, which ‘equally divided’ the remaining funds. For appeal purposes, the divorce judgment was a final judgment; however, it also continued to be interlocutory in nature in the event it became essential to augment, refine, clarify, or enforce provisions regarding the final disposition of property and the division of the proceeds. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App.1981).”
(Emphasis added.)
In Mayhan, supra, cited in Garris v. Garris, supra, this court explained that a trial court retains jurisdiction over its judgments:
“We concur with the husband that a divorce judgment dividing property between the parties is not subject to modification as to such property division on account of changed conditions. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980); Russell v. Russell, 386 So.2d 758 (Ala.Civ.App.1980). However, the 1980 judgment did not modify the 1979 agreement and judgment. The agreement authorized an equal division of [the parties’] equity in the property should the house be sold and no alteration as to such provision was made by the latest judgment. The agreement was ambiguous since it did not state how, when, by whom or in what manner the house would be sold, and the judgment clarified such matters. By virtue of the agreement of the parties, the court originally had jurisdiction of the property. By operation of law, the circuit court retained jurisdiction for any further judgments which might be subsequently required in order to enforce, implement or make a final disposition of the matter. For the purposes of appeal, the 1979 divorce judgment was final; yet, it was also interlocutory in nature ‘insofar as necessary to implement or enforce the provisions as to final disposition of the property by sale *1077 and division of the proceeds. (Citations omitted).’ Haney v. Haney, 50 Ala.App. 79, 277 So.2d 356 (1973). In Haney the husband raised the same issue as is here involved and it was there decided contra to him.”
Mayhan v. Mayhan, 395 So.2d at 1023-24 (emphasis added). See also Boyd v. Boyd, 447 So.2d 790, 793 (Ala.Civ.App.1984) (“For appeal purposes the 1979 divorce judgment was a final judgment, but it also continued to be interlocutory in nature in the event it became essential to augment, refine, clarify, or enforce its provisions regarding a sale of the marital residence.... The trial court, by operation of law, retained jurisdiction so that any future orders or judgments could be entered as might be prudent in order to enforce, implement, or finally dispose of the entire case by effecting a sale of the home of the parties.”).
The September 22, 2008, judgment was a final judgment, but that judgment was also interlocutory in the sense that the trial court might need to clarify or enforce paragraph 8 of that judgment. Thus, the trial court in this case retained jurisdiction to consider the dispute between the parties regarding whether Nelson had properly complied with paragraph 8 of the September 22, 2008, judgment.
Also, the dissent’s concern about any defect in service of process implicates personal jurisdiction rather than subject-matter jurisdiction. Nelson did not raise an argument pertaining to service of process either in the trial court or in this court. Therefore, any such error was waived. Rule 12(h)(1), Ala. R. Civ. P. (“A defense of ... insufficiency of process [ ] or insufficiency of service of process is waived” if not raised in a responsive pleading or motion.). Accordingly, we reach the merits of the appeal.
On appeal, Kimbrough contends that the trial court erred “as a matter of law” in ruling in favor of Nelson. Kim-brough alleges that the new road does not comply with the terms of paragraph 8 of the September 22, 2008, judgment, and she alleges that the new road crosses the property of a third party rather than the property belonging to Nelson.[3] Kim-brough asserts arguments and cites case-law pertaining to easements.
Stephens argues that the May 24, 2012, judgment constituted an impermissible modification of the original, September 22, 2008, judgment more than 30 days after the entry of that judgment. See George v. Sims, 888 So.2d 1224, 1227 (Ala.2004) (“Generally, a trial court has no jurisdiction to modify or amend a final order more than 30 days after the judgment has been entered, except to correct clerical errors.”). Stephens also argues that the trial court failed to address certain arguments pertaining to an implied or apparent easement[4] and that the trial court erred, after inspecting the property, in determining that the new road met the requirements of paragraph 8 of the September 22, 2008, judgment.
The parties did not present evidence to the trial court during the hearing on the merits. The record on appeal contains no transcript of the hearing on the merits or of the postjudgment-motion *1078 hearing. Thus, this court is unable to determine what arguments were presented to the trial court. The only evidence considered by the trial court before it entered its May 24, 2012, judgment was its own observation of the property and the roads at issue. We note that, in situations in which a trial court has received ore tenus evidence and also has traveled to the disputed property to observe the property, the presumption in favor of the trial court’s judgment is enhanced by the court’s having viewed the property. Bell v. Jackson, 530 So.2d 42, 44 (Ala.1988); Wallace v. Putman, 495 So.2d 1072, 1075 (Ala.1986). In this case, because the trial court received no other evidence, the presumption of correctness in favor of the trial court’s May 24, 2012, judgment arises based on its having viewed the property.
In his brief to this court, Stephens cites, as support for his arguments, the affidavits he submitted in support of his post-judgment motion. It is not clear whether the trial court considered that evidence, especially given Nelson’s motion to strike the evidence Stephens and Kimbrough had submitted in support of their post-judgment motions. See J.S.M. v. P.J., 902 So.2d 89, 91 n. 2 (Ala.Civ.App.2004) (noting that this court had not considered evidence submitted in support of a postjudgment motion when the record did not indicate whether the trial court had considered that evidence). We note that neither Stephens nor Kimbrough has offered an explanation regarding why the evidence they sought to offer after the entry of the judgment on the merits could not have been submitted to the trial court to assist it in reaching its judgment.
In this case, it is clear that, during the postjudgment-motion hearing, the trial court did allow the parties to submit some evidence. In its August 10, 2012, post-judgment order, the trial court stated that it had considered “some photographs and other exhibits.” The parties did not submit to this court a transcript or a statement of the evidence or proceedings from the hearing on the merits or the hearing on the postjudgment motions. See Rule 10(d), Ala. R.App. P. (“If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection.”). Therefore, this court is unable to determine whether the trial court considered exhibits submitted in support of the postjudgment motions or whether other, or additional, exhibits were submitted by the parties. Regardless, none of the parties submitted in support of their arguments any photographs, and, therefore, none of the photographs considered by the trial court during the postjudgment-motion hearing are contained in the record on appeal. Accordingly, because it is clear that the trial court considered evidence not set forth in the record on appeal, this court must presume that that evidence supported its postjudgment order. Berryhill v. Mutual of Omaha Ins. Co., 479 So.2d 1250, 1251 (Ala.1985) (“Where all the evidence is not in the record, it will be presumed that the evidence was sufficient to sustain the verdict or judgment.”); Henning v. Henning, 26 So.3d 450, 453 (Ala.Civ.App.2009) (“ Where ... evidence before the trial court ... is not preserved for the appellate court, the evidence is conclusively presumed to support the trial court’s [judgment].’ ” (quoting White v. White, 589 So.2d 740, 743 (Ala.Civ.App.1991))).
This court is unable to review the arguments set forth by Kimbrough and Stephens in their appellate briefs. Although Kimbrough has maintained that the trial court erred “as a matter of law,” the rec *1079 ord lacks evidence that would enable this court to determine whether the facts upon which Stephens and Kimbrough base their purported legal arguments are accurate. Thus, this court is unable to discern, based on the record presented to it, whether the trial court correctly determined that the new road complies with paragraph 8 of the September 22, 2008, judgment, whether the May 24, 2012, judgment constituted an impermissible modification of the earlier judgment, or whether the trial court erred with regard to some aspect of the law pertaining to easements. “[I]t is well settled that the appellant has the burden of ensuring that the record on appeal contains sufficient evidence to warrant a reversal.” Goree v. Shirley, 765 So.2d 661, 662 (Ala.Civ.App.2000). Also, it is clear that in reaching its May 24, 2012, judgment and its postjudgment order, the trial court relied on evidence not available to this court. Accordingly, we cannot say that Kimbrough or Stephens has demonstrated error on appeal. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
PITTMAN and DONALDSON, JJ„ concur.
MOORE, J., concurs in the result, without writing.
THOMAS, J., dissents, with writing.

. The record indicates that Debra J. Stephens is Stephens’s wife, but she is not a party to this action or to the September 22, 2008, judgment.

. Each of the two 2011 “motions to compel” was in the nature of a motion for contempt. Therefore, a filing fee was due for those motions. However, we disagree with the dissent's conclusion that the payment of a filing fee was a requirement implicating the subject-matter jurisdiction of the trial court.

. In her response to Stephens’s and Kim-brough's postjudgment motions, Nelson disputed the allegation that the new road was placed on the property of a third party. Instead, she alleged that the new road was on property formerly owned by a third party and that that property is now owned by Stephens and Kimbrough.

. Nelson contends that those arguments were not raised before the trial court entered its May 24, 2012, judgment.