Rel: January 5, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0289

_____

### Christie Teague

### v.

### John Hamm, in his official capacity as Commissioner of the Alabama Department of Corrections

### Appeal from Lawrence Circuit Court
### (CV-21-900046)


PER CURIAM.

Christie Teague appeals from a judgment of the Lawrence Circuit Court dismissing her action against John Hamm ("the commissioner") in his official capacity as commissioner of the Alabama Department of

Corrections ("the DOC").[1] For the reasons set forth herein, we affirm the judgment to the extent that it dismisses Teague's petition without prejudice for improper venue, and we reverse that portion of the judgment dismissing the petition on the ground of sovereign immunity.

Background

A number of years before the current action, the State of Alabama brought an action in the Morgan Circuit Court on behalf of Teague to obtain past-due child support from her former husband, John David Teague ("John David"). John David had been incarcerated in Alabama after being convicted of unspecified crimes. In October 2001, the Morgan Circuit Court entered a judgment in which it directed the DOC to collect child-support payments from John David's inmate account and his work-release fund, among other sources. According to the judgment, the DOC

---

[1] The original defendant in this action was Jefferson Dunn, who was the commissioner of the Alabama Department of Corrections at the time Christie Teague commenced the action. However, John Hamm was appointed to replace Dunn in that position in January 2022. Rule 43(b), Ala. R. App. P., provides that, "[w]hen a public officer is a party to an appeal … in that officer's official capacity, and during its pendency … ceases to hold office, the action shall not abate and the public officer's successor is automatically substituted as a party." Thus, we have ex mero motu substituted Hamm for Dunn as the defendant. See Ex parte Alabama Dep't of Corr., 74 So. 3d 25, 26 n.1 (Ala. 2011).

was to forward the payments to the Morgan circuit clerk for disbursement to Teague.

On May 6, 2021, Teague filed a petition in the Lawrence Circuit Court seeking to have the commissioner of the DOC, in his official capacity, held in contempt for his alleged failure to obey the October 2001 judgment. See n.1, supra. She attached a copy of the judgment to her petition. Teague asserted that she had never received the child-support payments, so she also sought to have the State of Alabama, described in the petition as a "garnishee," "remit the money owed" to her.

Teague asserted in her petition that, in addition to the money John David had earned from his prison jobs, his family had deposited money into his inmate account. She claimed that "tens of thousands of dollars, if not more," went "into and out of" John David's inmate account but, she said, instead of using the money to pay child support, DOC officials had allowed it to be used to pay "strong, predatory inmates" who had demanded money from "weak inmates." She asserted that John David had been murdered in prison "[o]n the day that Governor Kay Ivey announced her prison reform initiative." She did not provide the specific date John David had died.

On June 17, 2021, the commissioner filed a motion to dismiss Teague's action in the Lawrence Circuit Court asserting that, pursuant to Article 1, § 14 of the Alabama Constitution of 1901, he was entitled to sovereign immunity. He asserted that claims against state officers in their official capacities are "functionally equivalent" to claims against the entities they represent.

On February 15, 2023, the Lawrence Circuit Court entered an order stating that it appeared to that court that, because Teague was attempting to enforce an order from the Morgan Circuit Court, the Lawrence Circuit Court did not have "jurisdiction" to consider the matter. The Lawrence Circuit Court also said that it appeared that Teague was "attempting to penetrate the absolute immunity afforded to the State and [sic] Alabama." It ordered Teague to respond to the commissioner's motion to dismiss within ten days.

In her response, Teague argued that the commissioner could not establish that he was entitled to sovereign immunity because, she said, she was not seeking money from the State. Instead, she said, she was seeking money that had belonged to John David and was owed to her. She also said that the State had previously brought an action in

4

Lawrence County to enforce child support; therefore, she argued, the state could not complain in this action that venue was not proper in the Lawrence Circuit Court. Moreover, even if the Lawrence Circuit Court determined that venue was improper in Lawrence County, she said, the proper remedy would be to transfer the current action rather than dismiss it.

On March 24, 2023, the Lawrence Circuit Court entered a judgment dismissing Teague's action.[2] In the judgment, the Lawrence Circuit Court found that an attempt to enforce an order of the Morgan Circuit Court did not vest jurisdiction in Lawrence County. It also determined that the commissioner was entitled to absolute immunity under Art. 1, § 14, Ala. Const. 1901. On May 4, 2023, Teague filed a timely notice of appeal to this court.

_____

[2]The order indicated that the dismissal was without prejudice. We note that, generally, a dismissal without prejudice is considered a nonfinal order that cannot support an appeal. Palughi v. Dow, 659 So. 2d 112, 113 (Ala. 1995). However, when a trial court enters a judgment dismissing an action based on a lack of subject-matter jurisdiction, that judgment is considered sufficiently final to support an appeal because it has "'conclusively determine[d] the issues before the court.'" Hutchinson v. Miller, 962 So. 2d 884, 887 (Ala. Civ. App. 2007) (quoting Palughi, 659 So. 2d at 113). A dismissal on the ground of improper venue is without prejudice. Ex parte PT Sols. Holdings, LLC, 225 So. 3d 37, 46 (Ala. 2016).

Analysis

Teague first contends that the Lawrence Circuit Court erred in dismissing her action on the ground that the commissioner was entitled to State immunity, also known as sovereign immunity or § 14 immunity. See Ex parte Whitlow, [Ms. CL-2023-0050, Oct. 6, 2023] ___ So. 3d ___ (Ala Civ. App. 2023) (noting that our supreme court's most recent decisions have preferred the term "State immunity"). Teague specifically argues that State immunity does not bar contempt proceedings against members of the executive branch of state government such as the commissioner.

State immunity is not an affirmative defense but a "'jurisdictional bar, '" Ex parte Alabama Dep't of Transp., 985 So. 2d 892, 894 (Ala. 2007) (quoting Alabama State Docks Terminal Ry. V. Lyles, 797 So. 2d 432, 435 (Ala. 2001)), that "preclud[es] a court from exercising subject-matter jurisdiction" over the action against the State or a State agency, Lyons v. River Road Constr., Inc., 858 So. 2d 257, 261 (Ala. 2003). "'"[A] complaint filed solely against the State or one of its agencies is a nullity and is void ab initio."'" Ex parte Jefferson Cnty. Bd. of Educ., 348 So. 3d 397, 400 (Ala. 2021) (quoting Ex parte Board of Trs. of Univ. of Alabama, 264 So.

6

3d. 850, 853 (Ala. 2018)). Any action taken by a court without subject-matter jurisdiction, other than dismissing the action, is void. State v. Property at 2018 Rainbow Drive, 740 So. 2d 1025, 1029 (Ala. 1999).

Further, "[s]tate officers and employees, in their official capacities and individually, are also absolutely immune from suit when the action is, in effect, one against the state." Phillips v. Thomas, 555 So. 2d 81, 83 (Ala. 1989). "This means not only that the state itself may not be sued, but that this cannot be indirectly accomplished by suing its officers or agents in their official capacity, when a result favorable to plaintiff would be directly to affect the financial status of the state treasury." State Docks Comm'n v. Barnes, 225 Ala. 403, 405, 143 So. 581, 582 (1932). See also Alabama State Univ. v. Danley, 212 So. 3d 112, 122-24 (Ala. 2016). In Haley v. Barbour Cnty., 885 So. 2d 783, 789 (Ala. 2004), our supreme court held that State immunity forbids the imposition of sanctions intended to punish a state officer or agent for contempt and to compel compliance with a court's orders because the effect of the sanctions impacts the treasury and divests it of funds.

However, State immunity is not absolute. In Ex parte Hampton, 189 So. 3d 14 (Ala. 2015), our supreme court catalogued six general types of actions that are not subject to State immunity:

> "'(1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; (4) actions brought against State officials under the Declaratory Judgments Act, Ala. Code 1975, § 6-6-220 et seq., seeking construction of a statute and its application in a given situation; (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law.'"

189 So. 3d at 17-18 (quoting Ex parte Alabama Dep't of Fin., 991 So. 2d 1254, 1256 (Ala. 2008)).

"'In determining whether an action against a state officer is barred by § 14 [State immunity], the Court considers the nature of the suit or the relief demanded, not the character of the office of the person against whom the suit is brought.' Ex parte Carter, 395 So. 2d 65, 67-68 (Ala. 1980) (emphasis added)." Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002).

Teague contends that the commissioner had an obligation to perform what she says was the ministerial act of remitting John David's

8

money to her as the Morgan Circuit Court's child-support withholding order directed. "Ministerial acts" are those acts "'"done by officers and employees who are required to carry out the orders of others or to administer the law with little choice as to when, where, how, or under what circumstances their acts are to be done."'" Carroll v. Hammett, 744 So. 2d 906, 910 (Ala. 1999) (quoting Nance v. Matthews, 622 So. 2d 297, 300 (Ala. 1993), quoting in turn Smith v. Arnold, 564 So. 2d 873, 876 (Ala. 1990)). The commissioner had a duty to obey a lawful order requiring him to withhold money from John David's inmate account, Teague says, and he failed to perform that "ministerial act." Therefore, she says, the commissioner cannot avoid carrying out that duty by claiming he is entitled to State immunity.

In his appellate brief, the commissioner cites § 14-3-36, Ala. Code 1975, which provides:

> "The officer in charge of any prison or camp must take in charge any property, money or other thing of value in the possession of any convict at the time of the delivery of such convict to him and shall pay or deliver the same to such person as the convict may in writing direct, to the convict on his discharge or to his personal representative in case of his death previous thereto, and should no personal representative be appointed within six months after his death, then into the State Treasury."

9

The commissioner then explains the statutory restrictions governing how the DOC handles inmate earnings from prison jobs, including how the money is credited and disbursed, as well as how inmate accounts are maintained and managed. He states that, "[u]pon John David Teague's death, any such funds [in his inmate account] would have been paid to his personal representative or to the State Treasury if there was no personal representative."

We conclude that compliance with the statutory requirements of § 14-3-36 and with the Morgan Circuit Court's October 2001 judgment constitute ministerial acts that the commissioner and the DOC would not have the discretion to avoid. There is no evidence in the record to support the commissioner's assertion that the money in John David's inmate account had been disbursed pursuant to § 14-3-36. Nothing in the record, other than an imprecise statement from Teague that John David died "on the day that Governor Kay Ivey announced her prison reform initiative," indicates whether six months had passed since John David's death, which would have indicated that his inmate account could have been liquidated. There is also nothing in the record to indicate that the commissioner or the DOC carried out the directives of the October 2001

10

judgment of the Morgan Circuit Court. Because Teague is seeking to compel the commissioner to carry out these ministerial acts, the commissioner is not entitled to claim State immunity.

Teague also argues that because she is not seeking the payment of money that belongs to the state but is instead seeking to be paid money belonging to John David, State immunity is not implicated in this case. This court has explained that, under certain circumstances, State immunity "does not bar a proceeding against the State for the recovery of moneys that do not belong to the State or that have not been properly acquired by the State." Alabama Dep't of Env't Mgmt. v. Town of Lowndesboro, 950 So. 2d 1180, 1190 n.6 (Ala. Civ. App. 2005). In that case, we relied on Department of Industrial Relations v. West Boylston Manufacturing Co., 253 Ala. 67, 42 So. 2d 787 (1949), to explain that,

> "in the context of an employer's claim for a refund of certain contributions to the unemployment-compensation fund under Ala. Code 1940, tit. 26, § 243:
>
>> "'[T]here is no refund of money out of the State Treasury. The money subject to refund payments is collected and administered for certain purposes as directed by law, and that is one of them....
>>
>> "'Moreover, when it is thus by law collected and put into the custody of some person who is charged by law with the duty of administering it

11

> according to standards set up, it is the legal duty of such person thus to apply the money.... [H]is duty to administer it according to law may be enforced by mandamus or by some statutory procedure if one is enacted. In such a proceeding the State is not made a party in violation of section 14 of the Constitution....'"

In this case, Teague has made clear that she is not seeking money from the State or a payment that would directly affect the financial status of the State treasury. She is seeking to be paid money from John David's inmate account -- money that belonged to John David -- that she says the commissioner had a legal duty to administer. Because there is nothing in the record to demonstrate that the money being held in John David's inmate account had been disbursed to the State Treasury or that the payment of that money to Teague would in any way affect the State Treasury, we cannot say that, at the present point in the litigation, the commissioner was entitled to State immunity. Alabama Dep't of Env't Mgmt., 950 So. 2d at 1190 n.6. Therefore, the Lawrence Circuit Court erred in determining that the commissioner was entitled to State immunity.[3]

---

[3]This is not to say that the commissioner may not ultimately prevail on his State-immunity argument, only that he cannot prevail on that

Teague also argues that the Lawrence Circuit Court erred in finding that <u>venue</u> for this action was properly in Morgan County, which had entered the judgment she was seeking to have enforced. In its order of dismissal, the Lawrence Circuit Court ruled that, because Teague was seeking to enforce an order of the Morgan Circuit Court, the Lawrence Circuit Court did not have <u>jurisdiction</u> over the matter. On appeal, the parties do not argue the propriety of the Lawrence Circuit Court's jurisdiction to consider this matter based on where the action was filed. Instead, they properly frame the issue as one regarding proper venue. <u>See</u> <u>Ex parte N.M.</u>, 132 So. 3d 1088 (Ala. Civ. App. 2013) (treating questions of the location where contempt proceedings are to be filed as matters of venue and not of jurisdiction). Thus, we address the issue as it has been presented to us.

Teague concedes that a trial court can interpret and enforce its owns judgments. <u>Stephens v. Nelson</u>, 141 So. 3d 1073, 1076 (Ala. Civ. App. 2013). Thus, she appears to agree that the Morgan Circuit Court could properly entertain her action seeking to enforce that court's order

argument right now, given the present record at this early stage of the action.

directing the DOC to collect John David's child-support payments from his prison accounts. However, Teague contends that, although she could have brought her contempt action in the Morgan Circuit Court, she was not required to do so under § 6-3-2(b)(2), Ala. Code 1975. She argues that that statute permitted her to bring the current action in the Lawrence Circuit Court, because, she says, she is seeking "equitable relief on a judgment entered by the circuit court sitting in Morgan County."

Teague's reliance on § 6-3-2(b)(2) is misplaced. That statute, which Teague quotes in her appellate brief, provides that "[i]n proceedings of an equitable nature against individuals … [i]f the action is to enjoin proceedings on judgments in other courts, it may be commenced in the county in which such proceedings are pending or judgment entered." Teague focuses on the use of the word "may" in § 6-3-2, arguing that it means that she could but was not required to bring her action seeking enforcement of the Morgan Circuit Court's order in Morgan County.

For purposes of this case, however, the key provision in the statute is not whether the action "may" have been brought in Morgan County or in Lawrence County. In making her argument, Teague overlooks the phrase, "[i]f the action is to enjoin proceedings on judgments in other

14

courts …." The action that Teague commenced in the Lawrence Circuit Court does not seek to enjoin any proceedings of the Morgan Circuit Court. Therefore, § 6-3-2, the lynchpin of Teague's argument regarding venue, has no application to this case. Because Teague has failed to demonstrate that the Lawrence Circuit Court, not the Morgan Circuit Court, should hear her claim for contempt, we cannot hold the Lawrence Circuit Court in error for determining that the Morgan Circuit Court serves as the only proper venue for Teague's petition.

Teague asserts that, even if venue were improper in the Lawrence Circuit Court, the Lawrence Circuit Court should have transferred her action to the Morgan Circuit Court instead of dismissing it. In support of her argument, Teague cites Rule 82(d)(1), Ala. R. Civ. P., which provides that, "[w]hen an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein." (Emphasis added.) That rule, however, has no relevance to the present action because, as the commissioner points out, he, not Teague, is the defendant, and he has not sought a transfer of the action to the Morgan Circuit Court. Thus, given

15

the inapplicability of Rule 82(d)(1) to the action, we cannot conclude that the Lawrence Circuit Court erred in dismissing Teague's action without prejudice. See Rule 12(b)(3), Ala. R. Civ. P. (authorizing the dismissal, without prejudice, of an action on the ground of improper venue); Ex parte PT Sols. Holdings, LLC, 225 So. 3d 37, 46 (Ala. 2016).

Conclusion

The Lawrence Circuit Court erred in dismissing Teague's action based on its determination, at this point in the proceedings, that the commissioner was entitled to State immunity. However, Teague has failed to demonstrate that the Lawrence Circuit Court's dismissal, without prejudice, of her action for improper venue was wrong. As a result, the judgment is affirmed in part and reversed in part, and the cause is remanded to the Lawrence Circuit Court for it to set aside that portion of its order of dismissal that dismisses the action on the ground of State immunity.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Thompson, P.J., and Moore, Edwards, Hanson, and Fridy, JJ., concur.