Rel: May 3, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2023-0421

_____

**Ermie Lee Milton**

**v.**

**Delta Properties, LLC**

**Appeal from Elmore Circuit Court**
**(CV-20-900225)**

HANSON, Judge.

This appeal is taken from a judgment entered by the Elmore Circuit Court finding Ermie Lee Milton in contempt of court with respect to a judgment entered by that court in June 2021 (which was affirmed by this court in May 2022 without a published opinion -- see Milton v. Delta

Props., LLC, (No. 2200837, May 20, 2022), 378 So. 3d 517 (Ala. Civ. App. 2022) (table).[1]

Milton and plaintiff Delta Properties, LLC ("Delta") each own parcels of real property in Elmore County that were once a part of a larger tract. On September 18, 2020, Delta filed a petition for emergency relief, requesting that the trial court direct Milton to remove all vehicles from a particular roadway leading to Lake Jordan. Delta also requested that the trial court issue an injunction against Milton to prevent him from blocking that roadway in the future. Delta alleged that the roadway in question separated Milton's parcel of real property from Delta's parcel of real property and that that roadway was the only means of accessing Delta's parcel of real property.

On March 8, 2021, Milton's initial attorney filed a request to withdraw as counsel and sought a continuance of the matter to allow Milton to retain new counsel. The trial court held a hearing on March 16, 2021, at which the trial court allowed Milton's initial attorney to withdraw as counsel; at the hearing, testimony was taken from Milton

---

[1]We have taken judicial notice of the record in the previous appeal. See Tompkins v. Wal-Mart Assocs., Inc., 336 So. 3d 195, 198 n.4 (Ala. Civ. App. 2021).

and from the surveyor who had divided the larger predecessor tract of land into subdivisions, including the parties' parcels of real property. After holding that hearing, the trial court, on March 16, 2021, granted Delta's petition for emergency relief and ordered Milton to remove all vehicles from the roadway leading to Lake Jordan and to retain new counsel within 30 days. Milton then filed a motion requesting that the March 16, 2021, order be set aside.

The trial court held a hearing on May 25, 2021. The record indicates that Milton had failed to adhere to the March 16, 2021, order, such that vehicles were still obstructing the roadway leading to Lake Jordan. At that hearing, the trial court directed Milton to speak with Mike Cruise, an employee of the Alabama Department of Environmental Management ("ADEM"), and the transcript indicates that an off-the-record discussion was then held. Afterward, the trial court stated on the record:

> "We've been talking -- I've been talking with the various parties and witnesses with the permission of everybody to do so. And we've reached some tentative agreement that Mr. Milton, the Defendant, is going to, within the next 14 days, look for someone that can remove the cars and pay him a certain amount of money to remove them."

3

Subsequently, on June 7, 2021, the trial court issued a judgment that stated:

> "… [O]n Ma[rch] 16, 2021, an Order was issued by [the trial c]ourt which stated, 'Defendant, Ermie Lee Milton, is to remove any automobiles that are inside the 30-foot road that is the subject matter of this litigation so as to allow the ingress and egress to property owned by Plaintiff, Delta Properties, LLC.'
>
> "… Defendant, Ermie Milton, failed to move said vehicles to allow ingress and egress to the property owned by Plaintiff, Delta Properties, LLC.
>
> "… [O]n April 15, 2021, Defendant filed a Motion to set aside Injunctive Relief Ordered and a Motion to Alter, Amend, or Vacate Order.
>
> "… [O]n May 25, 2021, all parties and their respective attorneys appeared before the [trial c]ourt. A representative[] from ADEM[ ] informed the [trial c]ourt that the property belonging to Defendant, Ermie Milton, was in violation of their regulations.
>
> "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, Defendant, Ermie Milton, is to remove any and all vehicles from his property and along the roadway to Lake Jordan. The Defendant shall have 30 days from May 25, 2021 to remove said vehicles."

(Capitalization in original.)

Milton timely appealed from the June 2021 judgment, which effectively awarded a permanent injunction in favor of Delta and against Milton (and denied Milton's motion challenging the March 16, 2021,

4

order).  In May 2022, this court affirmed the June 2021 judgment, citing, among other cases, <u>Allsopp v. Bolding</u>, 86 So. 3d 952, 962 (Ala. 2011), for the proposition that Milton's appellate arguments, i.e., that the trial court had erred in conducting a hearing without administering oaths to the parties and witnesses, in referring to evidence purportedly not properly admitted, and in not calling Milton's witnesses to testify during the May 25, 2021, hearing -- had not been raised in the trial court so as to be preserved for appellate consideration.

On June 29, 2021, Delta filed in the trial court what was captioned a "motion to cite defendant for contempt of court and to impose sanctions," averring, in pertinent part, that Milton had failed to comply with the June 2021 judgment and that he should be sanctioned pursuant to the trial court's contempt power.  Delta filed a similar motion in the trial court in January 2023.  The judge who had rendered the June 2021 judgment disqualified himself from further hearings in the case, prompting the reassignment of the case to another circuit judge, who set a hearing for May 16, 2023.  Milton moved to continue that hearing, averring, among other things, that he "ha[d] been working with ADEM … on a Proposed Administrative Order (POA) and [wa]s … working on a

5

Proposed Consent Order regarding the subject property which includes the alleged road," that "vehicles ha[d] been removed off the alleged road but [that] illegal dumping of tires … and storm related debris consisting mostly of fallen trees ha[d] hampered the process"; he denied having "willfully and wantonly" violated the June 2021 judgment. The trial court denied the motion to continue and, after a hearing, entered a new judgment on May 16, 2023, noting, among other things, that the case had come before the court on the issue of contempt; stating that Milton had been informed that he would be afforded 7 additional days to remove all obstructions to Delta's vehicular access to its parcel; awarding attorney's fees to Delta, to be paid within 30 days, because of Milton's "continued disregard" of the trial court's judgment; and advising that noncompliance would potentially result in Milton's incarceration. Milton filed a motion on May 22, 2023, challenging the May 16, 2023, judgment in which he invoked, among other authorities, Rules 52 and Rule 59, Ala. R. Civ. P., and several subdivisions of subsection (b) of Rule 60, Ala. R. Civ. P.; however, apart from calling for a response from Delta, the trial court did not expressly rule on Milton's motion.

Milton filed a notice of appeal from the May 16, 2023, judgment on May 26, 2023, although his May 22, 2023, motion remained pending in the trial court at that time. To the extent that Milton's May 22, 2023, motion constituted a postjudgment motion pursuant to Rules 52 and 59, there is no indication in the record that the trial court entered an order granting such relief within 90 days of that motion's having been filed; thus, by operation of law, any requests for relief under those rules are deemed denied pursuant to Rule 59.1, Ala. R. Civ. P., and Milton's notice of appeal, previously held in abeyance, became effective upon that denial (see Rule 4(a)(5), Ala. R. App. P.).[2]

---

[2]The denial by operation of law of Milton's May 22, 2023, motion as to Rules 52 and 59, Ala. R. Civ. P., however, "quickened" the motion as to its request for relief under Rule 60(b), Ala. R. Civ. P. See Ex parte Gamble, 709 So. 2d 67, 69-70 (Ala. Civ. App. 1998) (discussing treatment of motions joining requests under Rule 60(b) with requests seeking relief under rules as to which Rule 59.1 provides for denial by operation of law). To the extent that Milton's request for relief pursuant to Rule 60(b) remained pending in the trial court, the pendency of that motion did not destroy the finality of May 16, 2023, judgment; as that rule itself specifies, "[a] motion under … subdivision [(b) of Rule 60] does not affect the finality of a judgment or suspend its operation." Thus, to the extent that Delta has contended in its brief on appeal that Milton's appeal is due to be dismissed because, it contends, it s from a nonfinal judgment, its position is not well taken. See Musick v. Davis, 80 So. 3d 946, 948 n.2 (Ala. Civ. App. 2011) (holding that possible continued pendency of Rule 60(b) motion would not destroy appellate jurisdiction to review underlying final judgment); accord R.D.J. v. A.P.J., 142 So. 3d 662, 666

Milton's brief on appeal assails both the correctness of the trial court's May 16, 2023, judgment and that court's subject-matter jurisdiction to enter it. We deem dispositive Milton's contentions[3] regarding the trial court's jurisdiction to act on Delta's requests to enter a judgment imposing sanctions upon Milton on the basis that his conduct constituted contempt, and we pretermit consideration of Milton's other arguments.

The record on appeal contains no indication that Delta paid a filing fee on or before filing either of its two motions requesting that the trial

---

(Ala. Civ. App. 2013); compare Thompson v. State ex rel. Jett, 318 So. 3d 1226, 1228 (Ala. Civ. App. 2020) (dismiss appeal when the only matter before the trial court as to which an appeal could potentially have been taken was a unadjudicated Rule 60(b) motion -- the underlying judgment had been previously affirmed by this court).

[3]Although Delta correctly notes the general rule that an appellant can properly argue error based only upon grounds he or she has adequately raised in the trial court, we observe that, because "'jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu,'" Wallace v. Tee Jays Mfg. Co., 689 So. 2d 210, 211 (Ala. Civ. App. 1997) (quoting Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987)), it is nonetheless true that "this court may address arguments raised for the first time on appeal that go to the subject-matter jurisdiction of the trial court." Heaven's Gate Ministries Int'l, Inc. v. Burnett, 295 So. 3d 72, 77 n.2 (Ala. Civ. App. 2019) (citing Health Care Auth. for Baptist Health v. Davis, 158 So. 3d 397, 402 (Ala. 2013)).

court to find Milton in contempt. In <u>Hicks v. Hicks</u>, 130 So. 3d 184 (Ala. Civ. App. 2012)(plurality opinion), <u>cert. denied</u>, 130 So. 3d 194 (Ala. 2013), this court considered a judgment entered by a trial court in response to a petition filed by Bona Faye Hicks seeking contempt sanctions with respect to a previous judgment directing Donald Hicks to relocate a fence; the judgment under review purported to conclude that Donald had substantially complied with the underlying judgment. 130 So. 3d at 184. On appeal, Bona Faye contended that the trial court in <u>Hicks</u> had lacked subject-matter jurisdiction to enter the judgment denying contempt sanctions because no filing fee had been paid had been paid at the time that the motion seeking those sanctions had been filed. 130 So. 3d at 186. A majority of this court concluded that Bona Faye's appeal was due to be dismissed as from a void judgment. 130 So. 3d at 190. Our supreme court denied certiorari review of this court's decision, although two justices issued special opinions contending that Bona Faye's failure to pay a filing fee was not jurisdictional. <u>See</u> <u>Ex parte Hicks</u>, 130 So. 3d 194, 195-97 (Ala. 2013)(Shaw, J., concurring specially); <u>id.</u> at 197-98 (Moore, C.J., dissenting).

9

Although two judges concurred in the main opinion in <u>Hicks</u>, this court recently had occasion to consider its analysis in <u>Ex parte Standard Furniture Manufacturing Co., LLC</u>, 333 So. 3d 139 (Ala. Civ. App. 2021), in which this court reviewed the correctness of a trial court's order responding to a "postjudgment motion for contempt" filed by William K. DeFee, a recipient of workers'-compensation benefits, against DeFee's former employer and its third-party-benefits administrator; the trial court, in that case, had entered an order deeming the "postjudgment motion" a separate action, directing that it be so docketed, and conditionally accepting the recipient's tender of a filing fee subject to the receipt of guidance from state administrative authorities regarding whether such a fee was necessary. 333 So. 3d at 141-42.

In denying the former employer's mandamus petition questioning the propriety of docketing a separate action as to DeFee's effort to seek contempt sanctions, a majority of this court concluded:

> "The materials before us indicate that DeFee wanted to ensure that he had done all that was necessary to bring a viable contempt claim against [the former employer and the third-party-benefits administrator]. In seeking to pay a filing fee, DeFee referred the trial court to Judge Thomas's dissent in <u>Stephens v. Nelson</u>, 141 So. 3d 1073, 1079 (Ala. Civ. App. 2013), in which she opined that the judgment entered on the claims for contempt and injunctive relief that were the subject

10

of that appeal was void because no filing fee had been paid. Accordingly, Judge Thomas wrote, the trial court never obtained jurisdiction over those claims and the judgment appealed from was void. Judge Thomas stated that the 'new actions for contempt and an injunction should have been assigned a ".01" suffix by the trial court's clerk and would have required the payment of a new filing fee and new service of process pursuant to Rule 4, Ala. R. Civ. P.' Id. at 1080.

"[The former employer] argues that the initiation of new actions with .01 designations and the payment of additional filing fees are required only in postjudgment contempt proceedings arising from domestic-relations cases. Alabama law does not support that contention, however. In Hicks v. Hicks, 130 So. 3d 184 (Ala. Civ. App. 2012), this court dismissed an appeal of an order denying a postjudgment contempt motion arising from a boundary-line dispute between two adjacent landowners, explaining that, because no filing fee had accompanied the filing of the motion for contempt, the trial court had lacked subject-matter jurisdiction and its order was void.

"Based on Hicks and the cases cited therein, we conclude that [the former employer] has failed to demonstrate that DeFee was not required to pay a filing fee or that it has a clear legal right pertaining to this issue. Accordingly, we decline to issue a writ of mandamus based on this issue."

333 So. 3d at 143. Notably, the two judges who did not fully join the majority opinion in Ex parte Standard Furniture declined to dissent from it: Judge Moore opined that "[n]o language in Rule 70A[, Ala. R. Civ. P.,] or Alabama caselaw authorizes the initiation of a contempt proceeding by the mere filing of a postjudgment motion without the payment of an

11

appropriate filing fee" and that "any pleading or motion that purports to initiate a contempt proceeding after entry of a final judgment and without the payment of a filing fee is treated as a legal nullity," whereas Presiding Judge Thompson, although noting his previous dissent in Hicks, opined that our supreme court, in Johnson v. Hetzel, 100 So. 3d 1056, 1057 (Ala. 2012), and Ex parte Courtyard Citiflats, LLC, 191 So. 3d 787, 790 (Ala. 2015), had ruled in a manner consistent with this court's majority in Hicks. Ex parte Standard Furniture, 333 So. 3d at 147 (Moore, J., concurring in part and concurring in the result); id. at 148-49 (Thompson, P.J., concurring in the result).

Here, although Delta requested the trial court to hold Milton in contempt and issue sanctions against Milton, asserting that his dilatory conduct had "cost [Delta] unnecessary court costs and attorney fees," Delta did not adhere to appellate precedents concerning compliance with Ala. Code 1975, § 12-19-70, as a prerequisite to seeking a judgment of contempt. As a result, the trial court's May 16, 2023, judgment is void and will not support an appeal; we dismiss the appeal with instructions to the trial court to vacate that judgment and dismiss Delta's motions seeking enforcement of the underlying June 2021 judgment. However,

we would emphasize that our dismissal is without prejudice to Delta's potential subsequent institution of a proper action seeking contempt sanctions against Milton accompanied by an appropriate filing fee following the issuance of this court's certificate of judgment.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.